UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY BROWN,

    Plaintiff,

  v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

Case No. 25-cv-06667-WHO (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), bars claims brought under 42 U.S.C. § 1983 that, if successful, would appear to invalidate a conviction or sentence that has not already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Here, plaintiff Gregory Brown brings suit under 42 U.S.C. § 1983 against several state actors for allegedly violating his federal constitutional rights in securing his criminal convictions and challenging his resentencing petitions. Brown is incarcerated and his complaint does not indicate that his conviction or sentence has been invalidated or reversed. As a result, *Heck* precludes his federal civil rights action. This action is DISMISSED.

## BACKGROUND

Brown, a California state prisoner, is serving a sentence of 56 years to life for his 1995 state convictions for conspiracy to commit murder and attempted murder. *People v. Brown*, No. A157170, 2020 WL 6482333 at *1 (Cal. Ct. App. Nov. 4, 2020). His appeals and petitions for resentencing have been denied. (Compl., Dkt. No. 1 at 1-9.) He now brings suit against the City and County of San Francisco, Floyd Andrews, an assistant district attorney, Allison Macbeth, an assistant district attorney, Alex Berstein, an assistant district attorney, Gregory Ott, a deputy attorney general, Lisa Ott, a deputy district

attorney, Claudia Phillips, a deputy attorney general, Brooke Jenkins, district attorney of San Francisco, and Rob Bonta, the Attorney General of California, for allegedly violating his federal constitutional rights in securing his 1995 criminal convictions and for opposing his attempts to have his convictions and sentence overturned or reduced.

## DISCUSSION

### A. Standard of Review

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction

or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-487. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.* at 487.

Accordingly, where a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Id.* at 487.

In this case, a judgment that defendants violated Brown's constitutional rights in connection with his convictions and sentence would necessarily imply the invalidity of his conviction or sentence. Because it is not clear from the complaint that his convictions have not been invalidated in any of the ways specified in *Heck*, this section 1983 action is barred by *Heck*. As a result, the action will be dismissed.

## CONCLUSION

This federal civil rights action is DISMISSED. The Clerk shall enter judgment in favor of defendants, and close the file.

The filing fee has been paid. (Dkt. No. 6.)

**IT IS SO ORDERED.**

**Dated:** December 9, 2025



WILLIAM H. ORRICK
United States District Judge

3