UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY BROWN,

Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.

Case No. 25-cv-06667-WHO (PR)

**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL;**

**ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL**

Dkt. No. 9

### INTRODUCTION

Plaintiff Gregory Brown's motion to proceed in forma pauperis (IFP) on appeal is DENIED because he has not filed an IFP application. He may apply to the Ninth Circuit Court of Appeals for permission to proceed IFP. His motion for counsel on appeal is DENIED because he has not shown that there are extraordinary circumstances justifying the appointment.

### BACKGOUND

Brown has appealed my dismissal of his 42 U.S.C. § 1983 action.[1] (Notice of Appeal, Dkt. No. 10.) In his district court action, Brown alleged that various state officers and employees violated his federal constitutional rights in securing his criminal

---

[1] In his motion, Brown contends that I lacked the authority to dismiss his complaint sua sponte, without serving it and without allowing defendants to respond, and without allowing him a chance to respond prior to dismissal. (Dkt. No. 9 at 3.) He believes that I lacked the authority because he was not proceeding IFP — he had paid the filing fee instead of filing an IFP application — and his complaint was not subject to IFP screening under 28 U.S.C. § 1915. I had authority under another statute, 28 U.S.C. § 1915A, which directs district courts to screen any complaint in which "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and to dismiss any claim that "fails to state a claim upon which relief may be granted."

United States District Court
Northern District of California

convictions and challenging his resentencing petitions. (Order of Dismissal, Dkt. No. 7 at 1.) I dismissed the complaint under *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on such claims would appear to invalidate a conviction that has not already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. (*Id.*)

In the district court action, Brown paid the filing fee instead of applying to proceed IFP, though he had been sent an IFP application and was given additional time to submit it. (Dkt. Nos. 5 and 6.)

## DISCUSSION

### i.    Motion to Proceed IFP on Appeal

Brown's application to proceed IFP is DENIED because he has not submitted an IFP application, and there is no prior one on file because he paid the filing fee instead of submitting an application. (Dkt. No. 9.) He may apply to the Ninth Circuit Court of Appeals for permission to proceed IFP.

### ii.    Motion for the Appointment of Counsel on Appeal

The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

There is no doubt that not having a lawyer puts a party at a disadvantage in our adversarial system of justice. Across the United States in 2024, unrepresented prisoners

filed nearly 8000 cases, roughly 16.25% of all new civil filings. United States Courts for the Ninth Circuit, 2024 Annual Report, https://cdn.ca9.uscourts.gov/datastore/judicial-council/publications/AnnualReport2024.pdf. The high percentage of civil litigants who cannot afford counsel threatens our ability to dispense equal justice to rich and poor alike, as the judicial oath demands. That said, I am compelled to follow controlling precedent and determine if "exceptional circumstances" exist to appoint counsel in the cases before me.

Brown has not shown that exceptional circumstances exist. His filings are clear, the suit does not present complex legal issues, and he has prosecuted his suit ably. Accordingly, the motion for the appointment of counsel is DENIED. Brown can ask the Ninth Circuit Court of Appeals to appoint counsel.

## CONCLUSION

Brown's motion to proceed in forma pauperis (IFP) on appeal is DENIED because he has not filed an IFP application. (Dkt. No. 9.) He may apply to the Ninth Circuit Court of Appeals for permission to proceed IFP. His motion for counsel on appeal is DENIED because he has not shown that there are extraordinary circumstances justifying the appointment. He may ask the Ninth Circuit Court of Appeals to appoint counsel.

The Clerk shall terminate all pending motions, and send a copy of this Order to the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED.**

**Dated:** February 6, 2026

WILLIAM H. ORRICK
United States District Judge